# EXHIBIT B

ELECTRONICALLY FILED - 2020 Feb 04 3:43 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP070 00247

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | FOURTEENTH JUDICIAL CIRCUIT |
| COUNTY OF BEAUFORT | |
| DANIEL LEE LONG, | |
| Plaintiff, | |
| vs. | |
| LOCAL LEGENDS, LLC and CHEAP SEATS RESTAURANT GROUP, LLC, | |
| Defendants. | |

_____

**SUMMONS**
(JURY TRIAL DEMANDED)

_____

**TO:**    **THE ABOVE-NAMED DEFENDANTS:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint on the subscriber hereunder at his office located at Post Office Box 1336, Beaufort, South Carolina, 29901-1336, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff will seek a judgment by default against you for the relief demanded in said Complaint.

MCDOUGALL LAW FIRM, LLC

By: _____*s/Clinton F. Redfern*_____
Clinton F. Redfern, Esquire
SC Bar No.: 100401 – Clint@MLF.Law
William Thomas Bacon, IV, Esquire
SC Bar No.: 72581 – Tom@MLF.Law
Post Office Box 1336
Beaufort, SC 29901-1336
Phone: 843-379-7000
Fax: 843-379-7007

ATTORNEYS FOR PLAINTIFF

February 4, 2020
Beaufort, South Carolina

ELECTRONICALLY FILED - 2020 Feb 04 3:43 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP070029247

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br><br>COUNTY OF BEAUFORT )<br><br>DANIEL LEE LONG, )<br><br>                  Plaintiff, )<br>vs. )<br><br>LOCAL LEGENDS, LLC and CHEAP )<br>SEATS RESTAURANT GROUP, LLC, )<br><br>             Defendants. ) | IN THE COURT OF COMMON PLEAS<br>FOURTEENTH JUDICIAL CIRCUIT |

_____

**COMPLAINT**
(Jury Trial Demanded)
_____

**TO:    THE ABOVE-NAMED DEFENDANTS:**

Plaintiff, complaining of the above Defendants, allege as follows:

1.    That the Plaintiff, Daniel Lee Long, is a citizen and resident of the County of Beaufort, State of South Carolina.

2.    That upon information and belief, the Defendant Local Legends, is a limited liability company organized and existing under the laws of the State of South Carolina and is authorized to and conducts business in the County of Beaufort, State of South Carolina.

3.    That upon information and belief, the Defendant Cheap Seats Restaurant Group, LLC, is a limited liability company organized and existing under the laws of the State of South Carolina and is authorized to and conducts business in the County of Beaufort, State of South Carolina.

4.    That upon information and belief, Defendants Local Legends, LLC and Cheap Seats Restaurant Group, LLC (collectively referred to as "Defendants" and/or "Cheap Seats Tavern 2") collectively serve as the owners, operators, supervisors, and/or controllers of a

ELECTRONICALLY FILED - 2020 Feb 04 3:43 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700247

restaurant and bar known as Cheap Seats Tavern 2 located at 142 Burnt Church Road, Bluffton, South Carolina 29910 (hereinafter referred to as the "premises"), and are connected by way of sister corporations, parent corporations, partnerships, franchisor, franchisee, affiliate, subsidiary, agent or other similar corporate relationship such as they enjoy a sufficient amalgamation of interests to be treated as one and the same throughout this action.

5.      That, at all times relevant, Defendants were issued a beer, wine, and liquor license for the business and had undertaken and are charged with the duties of care at law by reason of the operation, marketing, management, maintenance, alcohol sales, and other exercise of control over the subject premises, and did have control over the subject premises.

6.      That, at all times relevant, Defendants are for-profit corporate entities engaged in the business of furnishing alcoholic beverages for consumption on its premises and derive substantial revenues and profits from the sale of alcohol.

7.      That at all times relevant, Defendants were responsible for the acts and/or omissions of their agents, servants, and/or employees under the doctrine of *respondeat superior*.

8.      That upon information and belief, prior to February 5, 2017, Defendants had actual and constructive knowledge of criminal activity, including physical attacks, assaults, batteries, fights, and similar events occurring on the subject premises involving intoxicated patrons.

9.      That upon information and belief, prior to February 5, 2017, Defendants promoted on social media a Super Bowl party that they would host on the premises on February 5, 2017, which encouraged patrons to come watch the game and spend money at the establishment.  A promotional poster (shown below) advertised a cost of $25.00 per person and included food and drink specials.

ELECTRONICALLY FILED - 2020 Feb 04 3:43 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700247



ELECTRONICALLY FILED - 2020 Feb 04 3:43 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700247

10.    That on the evening of February 5, 2017, the Plaintiff entered the premises to attend the Super Bowl party hosted by and promoted by Cheap Seats Tavern 2.

11.    That, at all times relevant, the Plaintiff was an invitee of Defendants while on the premises.

12.    That upon information and belief, on or around the evening of February 5, 2017, Carlos Enrique Barrera and an unknown male (hereinafter referred to as "John Doe") entered the premises to attend the Super Bowl party hosted by and promoted by Cheap Seats Tavern 2.

13.    That upon information and belief, while on the premises, Carlos Enrique Barrera and/or John Doe, were served several alcoholic beverages which caused them to become visibly and obviously intoxicated.

14.    That upon information and belief, while patrons on the premises, Carlos Enrique Barrera and/or John Doe demonstrated signs of visible intoxication which included, but not limited to, staggering and slurring words.

15.    That upon information and belief, Defendants, through its agents, servants, and/or employees knew, or should have known, that Carlos Enrique Barrera and/or John Doe were visibly intoxicated.

16.    That upon information and belief, Defendants, through its agents, servants, and/or employees served, and continued to serve alcoholic beverages to Carlos Enrique Barrera and/or John Doe while they were visibly and noticeably intoxicated.

17.    That upon information and belief, Defendants, through its agents, servants, and/or employees served, and continued to serve alcoholic beverages to Carlos Enrique Barrera and/or John Doe until the early morning hours of February 6, 2017 and/or after 2:00 AM on February 6, 2017.

ELECTRONICALLY FILED - 2020 Feb 04 3:43 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700247

18.     That upon information and belief, Defendants, through its agents, servants, and/or employees served, and continued to serve alcoholic beverages to Carlos Enrique Barrera and/or John Doe to the point where their level of intoxication caused them to lose control of their faculties.

19.     That upon information and belief, Defendants, through its agents, servants, and/or employees knew, or should have known, that serving alcoholic beverages to Carlos Enrique Barrera and/or John Doe while they were visibly and noticeably intoxicated could lead to injuries to innocent patrons on the premises.

20.     That upon information and belief, sometime after 2:00 AM on February 6, 2017, the Plaintiff was at the outside bar area of Cheap Seats Tavern 2.

21.     That upon information and belief, the outside bar area is not well illuminated with lights and can be accessed from a nearby parking lot.

22.     That upon information and belief, patrons would regularly enter the outside bar area from the parking lot.

23.     That upon information and belief, sometime after 2:00 AM on February 6, 2017, while at the outside bar area, the Plaintiff encountered Carlos Enrique Barrera and John Doe who were both grossly intoxicated, and was struck in the head by Carlos Enrique Barrera with a beer bottle purchased from/provided by Defendants and then punched in the head by John Doe.

24.     The Plaintiff sustained significant injuries for which he was required to be hospitalized.

25.     That, upon information and belief, Defendants, through its agents, servants, and/or employees knew, or should have known of the violent tendencies of the intoxicated patrons who attacked the Plaintiff.

26.     That, upon information and belief, Defendants, through its agents, servants, and/or employees did nothing to prevent the attack or come to the assistance of the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### (Draw Shop Act)

27.     Plaintiff reiterates each and every allegation of this Complaint as set forth herein verbatim.

28.     That upon information and belief, the Defendants knowingly sold alcoholic beverages to patrons who were intoxicated.

29.     That upon information and belief, Defendants knowingly sold alcoholic beverages to patrons who were under the age of twenty-one (21).

30.     That by knowingly selling beer or wine to an intoxicated person, Defendants were negligent per se due to its violation of S.C. Code Ann. § 61-4-580.

31.     That by selling alcoholic liquor or liquor by the drink to a person in an intoxicated condition, Defendants were negligent per se due to its violation of S.C. Code Ann. § 61-6-2220.

32.     Defendants owed Plaintiff a common law and/or statutory duty to protect them from the foreseeable risk of intoxicated patrons' careless, reckless, and criminal conduct.

33.     That the violation of these statutes was the proximate cause of injuries sustained by the Plaintiff.

34.     Defendants actions of selling and/or serving alcoholic beverages to Carlos Enrique Barrera and/or John Doe when they knew or should have known that they were intoxicated exhibits such willful misconduct, wantonness, and an entire want of care sufficient to raise the presumption of indifference to the consequences thereof.

35.     Defendants misconduct is so aggravating it authorizes, warrants and demands the imposition of substantial punitive damages against them.

ELECTRONICALLY FILED - 2020 Feb 04 3:43 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP070024 7

ELECTRONICALLY FILED - 2020 Feb 04 3:43 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700247

## FOR A SECOND CAUSE OF ACTION
### (Negligence, Recklessness, Gross Negligence)

36.     Plaintiff reiterates each and every allegation of this Complaint as set forth herein verbatim.

37.     Plaintiff's injuries and damages were due to and proximately caused by the Defendants' negligence, negligence per se, gross negligence, carelessness, recklessness, willfulness and wantonness in some or all of the following particulars:

a.     In serving alcohol to patrons who it knew or should have known were intoxicated and/or under the age of twenty-one (21);

b.     In allowing patrons it knew or should have known were intoxicated and/or under the age of twenty-one (21), admission into the establishment;

c.     In failing to safely remove from the establishment, patrons who it knew or should have known were intoxicated and/or under the age of twenty-one (21);

d.     In disregarding local and state liquor laws;

e.     In failing to establish safe and sound policies and standards to ensure employees did not violate their duty to refuse admission and/or service of alcohol to intoxicated patrons, and if so established, in failing to ensure that those policies and standards were followed by employees;

f.     In failing to follow generally accepted standards of care applicable to the sale and service of alcoholic beverages to members of the public;

g.     In disregarding the health, safety, and welfare of innocent patrons by knowingly and intentionally admitting and serving already grossly intoxicated patrons and failing to timely call law enforcement;

h.     In failing to provide adequate security on the premises;

ELECTRONICALLY FILED - 2020 Feb 04 3:43 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700247

i.      In failing to illuminate the premises adequately;

j.      In failing to have in place adequate safeguards to protect business invitees on its

        premises;

k.      In failing to employ necessary staff and security personnel to keep invitees on its

        premises safe from harm from reasonably foreseeable conduct of third parties;

l.      In failing to maintain its premises properly;

m.      In maintaining unsafe premises;

n.      In failing to warn Plaintiff of the unsafe conditions that existed upon its premises;

o.      In maintaining its premises without adequate regard for the safety of invitees

        including the Plaintiff;

p.      In creating an atmosphere encouraging the consumption of excessive amounts of

        alcohol;

q.      In failing to exercise such degree of care which a reasonably prudent entity would

        have exercised under the same or similar circumstances;

r.      In all other ways being negligent and/or grossly negligent.

## FOR A THIRD CAUSE OF ACTION
### (Negligent Hiring, Training, Retention, and Supervision)

38.    Plaintiff reiterates each and every allegation of this Complaint as set forth herein verbatim.

39.    Defendants owe a duty of care in the selection, hiring, training, control, retention, and supervision of their employees.

40.    Plaintiff's injuries and damages were due to and proximately caused by the Defendants' negligence, negligence per se, gross negligence, carelessness, recklessness, willfulness and wantonness in some or all of the following particulars:

ELECTRONICALLY FILED - 2020 Feb 04 3:43 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700247

a.    In failing to properly train its employees in the responsible and safe service of alcohol;

b.    In failing to properly supervise its employees in the responsible and safe service of alcohol;

c.    In failing to hire qualified employees;

d.    In failing to conduct proper background checks on their employees;

e.    In retaining unsuitable employees;

f.    In failing to follow generally accepted standards of care applicable to the hiring, training, retention and supervision of employees engaged in the sale and service of alcoholic beverages to members of the public;

g.    In failing to exercise that degree of care which a reasonable and prudent business who serves alcohol would have exercised under the same or similar circumstances;

h.    In violating the laws, statutes, and ordinances, including but not limited to, those as follows: S.C. Code Ann. § 61-4-580;

g.    In all other ways being negligent and/or grossly negligent.

41.    That by reason of the negligence, negligence per se, gross negligence, carelessness, recklessness, willfulness and wantonness of the Defendants, as set forth herein, the Plaintiff suffered severe physical, mental and emotional injuries for which he has been required to obtain medical treatment, suffer lost wages and endure pain and suffering and will continue to do so in the future.

WHEREFORE, Plaintiff prays for judgment against the Defendants for actual damages, together with punitive damages in an appropriate amount, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

MCDOUGALL LAW FIRM, LLC

By: _____*s/Clinton F. Redfern*_____
J. Olin McDougall, II, Esquire
SC Bar No.: 6948 – Lin@MLF.Law
William Thomas Bacon, IV, Esquire
SC Bar No.: 72581 – Tom@MLF.Law
Clinton F. Redfern, Esquire
SC Bar No.: 100401 – Clint@MLF.Law
Post Office Box 1336
115 Lady's Island Commons
Beaufort, SC 29901-1336
Phone: 843-379-7000
Fax: 843-379-7007

ATTORNEYS FOR PLAINTIFF

February 4, 2020
Beaufort, South Carolina

ELECTRONICALLY FILED - 2020 Feb 04 3:43 PM - BEAUFORT - COMMON PLEAS - CASE#2020CP0700247